IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathan Scott Belcher, ) | C/A No. 0:12-3536-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq.  The plaintiff, Nathan Scott Belcher ("Belcher"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In February 2009, Belcher applied for DIB and SSI, alleging disability beginning May 2, 2008.  Belcher's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ").  A hearing was held on October 4, 2011, at which Belcher, who was represented by Richard W. Allen, Esquire, appeared and testified.  The ALJ

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



issued a decision on October 31, 2011 denying benefits and concluding that Belcher was not disabled. (Tr. 57-67.)

Belcher was born in 1984 and was twenty-three years old at the time of his alleged disability onset date. (Tr. 85.) He completed a general equivalency diploma ("GED") as well as vocational training as a welder, and has past relevant work experience as a welder, a laborer, and a cook. (Tr. 229, 232-33.) In his application, Belcher alleged disability since March 31, 2008 due to type 1 diabetes. (Tr. 228.)

The ALJ found as follows:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since May 2, 2008, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairment: diabetes mellitus with possible diabetic neuropathy and some circulatory involvement in his lower extremities (20 CFR 404.1520(c) and 416.920(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
   \* \* \*
5. . . . [T]he claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that he can lift and carry up to twenty pounds occasionally and ten pounds frequently; and stand and/or walk for up to four hours in a workday. He can occasionally balance but never climb ladders, ropes, or scaffolds. He can only occasionally operate foot pedals or other controls with his lower extremities. He must avoid concentrated exposure to hazards such as unprotected heights or dangerous machinery.
   \* \* \*
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
   \* \* \*

7. The claimant was born . . . [in] 1984, and was 23 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963)

8. The claimant has at least a high school education (with a GED certificate and some technical college classes) and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 2, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 59-67.) Belcher submitted additional evidence to the Appeals Council, which denied his request for review on October 23, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).



obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Belcher raises the following issues for this judicial review:

I.      Is the ALJ['s] decision without support of substantial evidence because [the] ALJ failed to articulate adequate reasons for rejecting the claimant's subjective complaints?

II.     Did the ALJ fail to fully develop the record?

(Pl.'s Br., ECF No. 12.)



**DISCUSSION**

A.    **Credibility Analysis**

Belcher first argues that the ALJ erred in evaluating his subjective complaints. In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). It appears that in this matter only the second step is at issue,[3] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the

---

[3] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

Page 6 of 11



[symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(I) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ found that the clinical and diagnostic findings in the record did not support the severity of Belcher's alleged symptoms on a sustained basis. The ALJ noted the absence of any specific functional limitations in the written opinion and treatment notes of Dr. Childers, Belcher's treating physician, or any other medical records. As the ALJ noted, although Dr. Childers checked the box for "Obvious" as to work-related functional limitations with regard to Belcher's depression, he provided no explanation and the records do not support any obvious functional limitations from depression. Rather, Dr. Childers's notes show that he prescribed Lexapro for Belcher, Belcher's condition improved, and no psychiatric care was recommended. By contrast, the ALJ found the opinion of the consultative examiner, John Whitley, Ph.D., provided persuasive contrary evidence in accounting for some specific physical limitations of Belcher and nevertheless finding him capable of performing light work, as well as finding no severe mental impairments. The ALJ permissibly

Page 7 of 11



found that the lack of support in the medical records for the severity of symptoms described by Belcher undermined his credibility.

With regard to Belcher's argument that his diabetes worsened and became uncontrolled after October 2009, the ALJ expressly recognized and addressed this. The ALJ acknowledged various uncontrolled periods but observed that the records showed they resulted from the times when Belcher could not afford or otherwise obtain insulin. Furthermore, the ALJ found that the observations of Dr. Holt, a consultative examiner, undermined Belcher's reports regarding the severity of his symptoms, commenting that even though Dr. Holt saw Belcher during one of the periods when Belcher had recently run out of his medication, Belcher's symptoms during that consultative examination were not of disabling severity.[4]

Moreover, the ALJ provided other substantial evidence for rejecting Belcher's credibility regarding his symptoms: she discussed discrepancies between the claimant's testimony and his grandmother's with regard to his activities of daily living, as well as Belcher's perceived untruthfulness about past substance abuse. Although Belcher presents plausible theories to reconcile the discrepancies perceived by the ALJ, the court cannot say her interpretation of the testimony was unreasonable.

**B.     Developing the Record**

Belcher also argues the ALJ erred in failing to develop the record and contact Dr. Childers regarding the absence of any functional limitations in his treatment notes. However, the court observes that Belcher was represented by counsel at his hearing before the ALJ. Further, the ALJ

---

[4] The Fourth Circuit has observed that noncompliance may be used for purposes of determining the weight of the evidence. See Myers v. Comm'r of Soc. Sec. Admin., 456 F. App'x 230, 232 (4th Cir. 2011) (citing Owen v. Astrue, 551 F.3d 792, 800 n.3 (8th Cir. 2008)).



"is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record," and Belcher has failed to demonstrate that this record is incomplete. Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994) (cited in Bell v. Charter, No. 95-1089, 1995 WL 347142, at *4 (4th Cir. 1995)). Furthermore, whether he is represented or not, the plaintiff bears the burden of proof, and he is responsible for providing evidence to support his application and demonstrate disability. See 20 C.F.R. §§ 404.1512(a) & (c), 416.912(a) & (c); 42 U.S.C. § 423(d)(5)(A). Where the evidence is inadequate for the ALJ to determine disability, the ALJ must seek additional evidence by recontacting treating physicians or psychologists or other medical sources to determine if other information is available. See 20 C.F.R. §§ 404.1512(e), 416.912(e).[5] Belcher has failed to show that the evidence was inadequate for a disability determination; accordingly, Belcher has failed to demonstrate error by the ALJ in this regard.

---

[5] Effective March 26, 2012, the regulations were amended and this paragraph was removed. The current regulation addressing recontacting sources differentiates between inconsistent and insufficient evidence and where there is insufficient evidence provides the ALJ discretion as to whether to recontact a treating source, or whether to use some other specified method for further development. See 20 C.F.R. §§ 404.1520b, 416.920b.

## RECOMMENDATION

For the foregoing reasons, the court finds that Belcher has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

_____

January 17, 2014  Paige J. Gossett
Columbia, South Carolina  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).